IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COREY L. CUNNINGHAM,**

    **Plaintiff,**

**vs.**                                        **Case No.: 4:15cv152-RH/CAS**

**SENIOR CHAPLAIN S. FOX,**
**CHAPLAIN GEORGE H. LAJUENESS,**
**and ASSISTANT WARDEN J. BROWN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Corey L. Cunningham initiated this case on March 18, 2015, by filing a complaint, ECF No. 1, and in forma pauperis motion, ECF No. 2. At the time of case initiation, Mr. Cunningham was incarcerated in the custody of the Florida Department of Corrections. Mr. Cunningham's amended civil rights complaint, ECF No. 11, alleged that his First Amendment rights were violated concerning the practice of his religious faith, and that Defendants placed a substantial burden on his right to practice and worship in violation of the R.L.U.I.P.A. Service was directed in July 2015, ECF No. 15, and

after some delay, Defendant Fox filed a motion to dismiss on October 19, 2015.  ECF No. 24.  Mr. Cunningham was advised of his obligation to file a response in opposition to the motion and given until November 23, 2015, in which to file a response.  ECF No. 28.  No response has been filed.

On December 13, 2015, Defendant Lajueness also filed a motion to dismiss.  ECF No. 31.  Another Order was entered, once again reminding Mr. Cunningham of his obligation to file a memorandum in opposition.  ECF No. 32.  Mr. Cunningham was directed to respond to that second motion to dismiss no later than February 17, 2016.  When he failed to respond to that motion, a Report and Recommendation was entered to dismiss this case because it appeared there was no longer a continuing controversy as Mr. Cunningham seemed to have abandoned this litigation after his release from prison.  ECF No. 36.  Subsequently, the Report and Recommendation was vacated and Mr. Cunningham was given additional time in which to respond.  ECF No. 38.

Mr. Cunningham filed a response in opposition to the second motion to dismiss on March 28, 2016.  ECF No. 39.  He did not specifically file a response to the motion to dismiss filed by Defendant Fox.  Both motions are addressed in this Report and Recommendation.

**Allegations of the Amended Complaint, ECF No. 11**

Mr. Cunningham alleges that he was denied the opportunity to celebrate Hebrew Israelite Holy Days in September through October 2014. ECF No. 11 at 8. He contends that Chaplain Fox did not issue a memorandum in a timely manner permitting the inmates to use the chapel for worship and abstain from work on the Holy Days. *Id.* Plaintiff alleges that Chaplain Lajueness "neglected to supervise" or have staff supervise the Hebrew Israelites for worship, although he provided opportunities for the Messianic and Orthodox Jewish inmates to celebrate their Holy Days and the Muslim inmates to celebrate Ramadan. *Id.* at 9-11. Mr. Cunningham also alleged that Defendant Brown, the assistant warden, did not properly investigate his grievances, but "just passed the issue" on to the chaplain to respond. *Id.* at 11-12. Additionally, Mr. Cunningham alleged that the Hebrew Israelites were refused use of the chapel for worship because they did not have a qualified volunteer to supervise their services. *Id.* at 12. However, Mr. Cunningham contends that the Orthodox Jewish inmates do not have a volunteer either, but were permitted to worship with staff supervision. *Id.*

Mr. Cunningham raised claims under the First, Eighth, and Fourteenth Amendments of the United States Constitution, under the R.L.U.I.P.A., several court decisions, and claims the Defendants actions violated Department rules. ECF No. 11 at 13. As relief, Mr. Cunningham seeks injunctive relief, declaratory judgment, and punitive damages. *Id.*

**Motions to Dismiss**

Chaplain Fox filed a motion to dismiss asserting that Plaintiff's claims for relief are moot given his release from prison, that he is not entitled to monetary damages under R.L.U.I.P.A., and cannot obtain punitive damages pursuant to 42 U.S.C. § 1997e(e) absent allegations of physical injury. ECF No. 24 at 3-8. Chaplain Lajueness filed a nearly identical motion to dismiss, presenting the same arguments. ECF No. 31.

**Plaintiff's Response, ECF No. 39**

Mr. Cunningham acknowledges that he was released from D.O.C. custody on October 1, 2015. ECF No. 39 at 2. He advises that he was placed on probationary supervision and states that his "probation/parole was violated" on February 22, 2016.[1] *Id.* Plaintiff contends his claim

---

[1] The address Mr. Cunningham provided on his response appears to be at the Broward County Jail. ECF No. 39 at 9-10.

should not "be mooted given his release from prison" and questions whether anyone could say that he would not be returning back to the Department's custody. *Id.* at 4. Mr. Cunningham primarily argues the merits of his case. *Id.* at 4-7.

**Analysis**

Because there is no physical injury to Mr. Cunningham as a result of the alleged interference with his right to freely worship and exercise his religious faith, even if successful on his claims, the request for punitive damages is barred by § 1997e(e). Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). It does not matter that Plaintiff is no longer incarcerated as the statute applies when a (1) federal civil action is (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). "[F]or purposes of section 1997e, the relevant inquiry is whether [the plaintiff] was imprisoned when he filed his complaint." Quinlan v. Personal Transport Services Co., 329 F.App'x 246, 248-249, 2009 WL 1564134, at *1 (11th Cir. 2009). Mr. Cunningham was incarcerated and did not suffer any physical injury. Thus, the only available relief to Mr. Cunningham comes from his request for injunctive relief and a declaratory judgment.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Mingkid v. U.S. Att'y Gen., 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted) (quoted in Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) (abrogated on other grounds by Sossamon v. Texas, 131 S.Ct. 1651 (2011)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoted in Mingkid, 468 F.3d at 768).

"The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith, 502 F.3d at 1267; see also Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief); McKinnon v. Talladega Cnty., 745 F.2d 1360, 1365 (11th Cir.1984) (inmates transfer to a different jail moots claim for declaratory and injunctive relief but not a claim for monetary damages). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' . . . and, as a result, once the prisoner has been released, the court lacks the ability

to grant injunctive relief and correct the conditions of which the prisoner complained." Smith, 502 F.3d at 1267 (internal citation omitted, otherwise citing to Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")). That rule remains the law in this Circuit and controls this case. *See* Dunn v. Adams, — F. App'x —, No. 14-14590, 2016 WL 737746, at *2, n.2 (11th Cir. Feb. 25, 2016) (noting that because the prisoner was "no longer housed in either Ware State Prison or Calhoun State Prison, his claims for injunctive relief against the prison officials there are moot."); San Antonio v. Henry, 618 F. App'x 554, 557 (11th Cir. 2015) (noting that because the only possible relief for a RLUIPA violation was declaratory and injunctive relief, the prisoner's RLUIPA claim might be moot and remanding to district court to make that determination in the first instance).

    Here, the only potential relief available to Mr. Cunningham is declaratory and injunctive relief. It is undisputed that he is no longer incarcerated within the Florida Department of Corrections. Thus, the conditions about which he complains are not ongoing or continuing.

Mr. Cunningham, however, disputes that this case is moot and questions whether he might be re-incarcerated. ECF No. 39. Indeed, it appears that he already violated the terms of his parole and was, at least at the time of his response, in a county jail. Mr. Cunningham suggests this case is not moot because he might be returned back to the custody of the Department of Corrections. ECF No. 39 at 4.

> To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (quotation marks omitted) (quoted in Rich v. Sec'y, Florida Dep't of Corr., 716 F.3d 525, 531 (11th Cir. 2013)). This is not a case in which Mr. Cunningham alleged he was subjected to a

uniform policy of the Department of Corrections, applicable statewide. The events about which he complained were isolated, occurring only at Wakulla C.I., and apparently only during a two month period of time.

Furthermore, Mr. Cunningham's arguments as to why this case is not moot are insufficient as it is speculative to question whether he might be returned to prison. Such questions are hypothetical, not actual.

There is a recognized exception to the mootness doctrine if a challenged action "is capable of being repeated and evading review." Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1256 (11th Cir. 2001) (cited in Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). That exception, however, applies only in "exceptional situations." City of Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983)). The exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir.1997).

In Lyons, 461 U.S. at 97, 103 S. Ct. at 1662-63, Adolph Lyons filed a complaint for damages, injunctive and declaratory relief, challenging the

unjustified use of a "chokehold" by four police officers. The Supreme Court held that his request for injunctive relief was moot and there was no continuing controversy.

> As we have said, however, it is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

Lyons, 461 U.S. at 108, 103 S. Ct. at 1668. "The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Al Najjar, 273 F.3d at 1336.

Mr. Cunningham's claims must be guided by City of Los Angeles v. Lyons, and in that light, his claims are speculative. He has not demonstrated that his injury is either real or immediate, but "merely conjectural." See Smith v. Sec'y, Dep't of Corr., 602 F. App'x 466, 469 (11th Cir. 2015) (stating "[a]n injury is imminent if it is likely to occur, and likely to do so immediately.") (quotations and citations omitted). "Immediacy requires that the anticipated injury occur within some fixed

period of time in the future." Smith, 602 F. App'x at 469 (citing Florida State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1161 (11th Cir. 2008)).  Mr. Cunningham is not currently in Department of Corrections custody.  He may be returned to prison, but he may not be.  Even if he were returned to prison, there are nearly 150 correctional facilities where Mr. Cunningham could be housed.[2]  It is too speculative to assume that Mr. Cunningham would be returned to prison, housed at Wakulla Correctional Institution, and subjected to what may have been an inadvertent inability to celebrate Hebrew Israelite Holy Days in 2014.[3]  The allegations of the complaint suggest this was a random incident at one prison, and there is no indication that Mr. Cunningham *currently* faces the same controversy involving the same parties.  "The party invoking federal jurisdiction bears the burden of establishing" injury in fact, causation, and redressability.  Smith, 602 F. App'x at 469 (citing Lujan v. Defenders of

---

[2] The Department of Corrections' website states that there are "143 correctional facilities statewide, including 48 prisons, seven private partner prisons, 15 prison annexes, 33 work camps, 20 state-run work release centers, 13 private work release centers, four road prisons, two forestry camps, and one basic training camp." www.dc.state.fl.us.

[3] The complaint alleged that Chaplain Fox said a memorandum would be "sent out to [the] compound *as usual*." ECF No. 11 at 8 (emphasis added).  It was alleged that the memorandum "was not distributed in a timely and proper manner" causing Mr. Cunningham to "miss [his] required religious observance . . . ." *Id.*

Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Mr. Cunningham has not demonstrated the "injury-in-fact requirement of standing" because he has not shown an imminent, real, or immediate risk that the conduct is likely to occur. Smith, 602 F. App'x at 469. Because Mr. Cunningham's "alleged future harm is indeterminate," *id.*, Defendants' motions to dismiss, ECF Nos. 24 and 31, should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant Fox, ECF No. 24, and the motion to dismiss filed by Defendant Lajueness, ECF No. 31, be **GRANTED** and this case be **DISMISSED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2016.

　　　　s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**